IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GINGER LILLIAN CARLIN,<br><br>*Defendant*. | Case No. 1:22-mj-94<br><br>**UNDER SEAL** |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT
PURSUANT TO LOCAL RULE 49(B)**

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint, until the defendant is arrested.

**I.    REASONS FOR SEALING** (Local Rule 49(B)(1))

1.    Since June 2019, the United States, including the Drug Enforcement Administration and U.S. Postal Inspection Service, has been conducting a criminal investigation into methamphetamine distributors based in and around Stafford County, Virginia and Maryland including GINGER CARLIN. CARLIN is being charged by complaint with conspiracy to distribute 50 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2.    Premature disclosure of the charge against the defendant would jeopardize an ongoing criminal investigation threatening the ability of the United States to locate and arrest the defendant and may lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavits in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's ongoing investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:     /s/
Madeleine Case
Special Assistant United States Attorney
Bibeane Metsch
Assistant United States Attorney

3